PEOPLE V ATEN, No. 152814; Court of Appeals No. 329324.

PEOPLE V BREWCZYNSKI, No. 152819; Court of Appeals No. 322674.

PEOPLE V WOOTEN, No. 152868; Court of Appeals No. 321600.

PEOPLE V GREENE, No. 152959; Court of Appeals No. 322874.

*Reconsideration Granted June 22, 2016:*

PEOPLE V ROBERTS, No. 151660; Court of Appeals No. 325545. On order of the Court, the motion for reconsideration of this Court's March 8, 2016 order is considered, and it is granted. We vacate our order dated March 8, 2016. On reconsideration, the application for leave to appeal the April 8, 2015 order of the Court of Appeals is considered, and it is denied, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

*Leave to Appeal Denied June 23, 2016:*

DELANEY V BOARD OF STATE CANVASSERS, No. 153973; Court of Appeals No. 333410.

*Summary Disposition June 24, 2016:*

MADSON V JASO, No. 153729; Court of Appeals No. 331605. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate the order of the Court of Appeals and we remand this case to the Court of Appeals for further consideration. On remand, we direct the Court of Appeals to issue an opinion specifically addressing the issue whether the order in question may affect custody of a minor within the meaning of MCR 7.202(6)(a)(iii), or otherwise be appealable by right under MCR 7.203(A). If the Court of Appeals determines that the Lenawee Circuit Court Family Division's order is appealable by right, it shall take jurisdiction over the plaintiff-appellant's claim of appeal and address its merits. If the Court of Appeals determines that the Lenawee Circuit Court Family Division's order is not appealable by right, it may then dismiss the plaintiff-appellant's claim of appeal for lack of jurisdiction, or exercise its discretion to treat the claim of appeal as an application for leave to appeal and grant the application. See *Varran v Granneman (On Remand)*, 312 Mich App 591 (2015), and *Wardell v Hincka*, 297 Mich App 127, 133 n 1 (2012). We do not retain jurisdiction.