# STATE OF MICHIGAN

# COURT OF APPEALS

RONNIE MADSON, JR.,

Plaintiff-Appellant,

v

LATOYA JASO,

Defendant-Appellee.

FOR PUBLICATION
August 25, 2016
9:10 a.m.

No. 331605
Lenawee Circuit Court
LC No. 11-037046-DC

ON REMAND

Before: SAWYER, P.J., and HOEKSTRA and O'BRIEN, JJ.

PER CURIAM.

This case is before us on remand from our Supreme Court for further consideration of our March 7, 2016 order dismissing plaintiff's claim of appeal for lack of jurisdiction. The Supreme Court has directed us to "issue an opinion specifically addressing the issue whether the order in question may affect [the] custody of a minor within the meaning of MCR 7.202(6)(a)(iii), or otherwise be appealable by right under MCR 7.203(A)." *Madson v Jaso,* ___ Mich ___ (2016) (Docket No. 153729). We conclude that this Court lacks jurisdiction over this provisional postjudgment order for makeup parenting time, and accordingly, dismiss plaintiff's appeal.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff Ronnie Madson, Jr., and defendant Latoya Jaso, who were never married, are the parents of a minor child born in 2009. In December 2011, the circuit court entered an order providing that the parties would share joint legal custody and plaintiff would have physical custody of the child. Parenting time would be at times agreeable to the parties. In June 2014, in response to defendant's request for a more formal parenting time arrangement, the circuit court set forth a parenting time schedule where defendant was to have one mid-week overnight and alternating weekends with the child.

The parents then made separate reports to Child Protective Services regarding abuse of the child, but the allegations were not substantiated. In October 2014, plaintiff moved to amend the parenting time order, but the motion was not heard because defendant was jailed in November 2014 for nonpayment of child support.

-1-

In December 2014, the circuit court entered an ex parte order granting plaintiff extended parenting time. Upon defendant's release from jail, she petitioned for reinstatement of her parenting time. The circuit court referred the matter to the Friend of the Court in February 2015, and the referee held an evidentiary hearing in May 2015.

Six months later, in October 2015, the Friend of the Court referee recommended that defendant's parenting time should be restored and nothing should prevent her from having normal, regular parenting time with the child. Plaintiff did not comply with the order and objected to it.

At a December 2015 hearing, the circuit court ruled that defendant was owed makeup parenting time. The court ordered that defendant would have five days of uninterrupted parenting time and that the parties would alternate future weeks. The court also set up a Christmas holiday schedule. Plaintiff did not comply with the order. The following day, the circuit court issued an order directing plaintiff to immediately turn over the child to defendant for makeup parenting time. Plaintiff again did not comply with the order. Instead, plaintiff obtained a personal protection order from the county where he lived.

At a January 2016 hearing, the circuit court observed that it would resolve the matter in the child's best interests, warning plaintiff that it would issue an arrest warrant for him for contempt if he did not abide by the order, and directed the parties to obtain a custody evaluation from a psychologist in anticipation of a custody trial. In the interim, plaintiff was to have parenting time on alternating weekends.

Plaintiff filed a claim of appeal in this Court, maintaining that the instant makeup parenting time order represented an order that affected custody. This Court dismissed the appeal on its own motion for lack of jurisdiction.[1] Plaintiff moved for reconsideration, which this Court denied.[2]

Plaintiff applied for leave to appeal from our Supreme Court, arguing that this Court's decisions with respect to jurisdiction were inconsistent and requesting that the case be remanded to this Court as on leave granted. He stated that he was not asking the Supreme Court to grant leave to appeal given the potential for delay, and indicated that the trial court and this Court had already caused delays in this matter.[3] Amicus Curiae Michigan Coalition of Family Law

---

[1] *Madson v Jaso*, unpublished order of the Court of Appeals, entered March 7, 2016 (Docket No. 331605).

[2] *Madson v Jaso*, unpublished order of the Court of Appeals, entered April 18, 2016 (Docket No. 331605).

[3] We note that this Court dismissed plaintiff's claim of appeal just 18 days after it was filed. Despite this Court's standard observation in a dismissal order that appellant could file an application for leave to appeal in this Court, plaintiff instead moved for reconsideration. After reconsideration was denied, plaintiff still did not file an application seeking review on the merits from this Court, but instead chose to file an application in our Supreme Court.

Appellate Attorneys[4] filed an amicus brief in the Supreme Court and called for clarity regarding jurisdiction in domestic relations appeals.

On June 24, 2016, our Supreme Court issued an order vacating this Court's March 7, 2016 order of dismissal and remanding for further consideration. The order provides, in pertinent part:

> On remand, we DIRECT the Court of Appeals to issue an opinion specifically addressing the issue whether the order in question may affect [the] custody of a minor within the meaning of MCR 7.202(6)(a)(iii), or otherwise be appealable by right under MCR 7.203(A). If the Court of Appeals determines that the Lenawee Circuit Court Family Division's order is appealable by right, it shall take jurisdiction over the plaintiff-appellant's claim of appeal and address its merits. If the Court of Appeals determines that the Lenawee Circuit Court Family Division's order is not appealable by right, it may then dismiss the plaintiff-appellant's claim of appeal for lack of jurisdiction, or exercise its discretion to treat the claim of appeal as an application for leave to appeal and grant the application. See *Varran v Granneman (On Remand),* 312 Mich App 591 (2015), and *Wardell v Hincka*, 297 Mich App 127, 133 n 1 (2012).
>
> We do not retain jurisdiction. [*Madson v Jaso*, ___ Mich ___ (2016) (Docket No. 153729).]

## II. STANDARD OF REVIEW

Whether this Court has jurisdiction over an appeal is an issue of law subject to de novo review. *Wardell v Hincka*, 297 Mich App 127, 131; 822 NW2d 278 (2012). Likewise, the interpretation of a court rule is a question of law that receives de novo review. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

## III. ANALYSIS

The question of jurisdiction in this case rests on two court rules, MCR 7.202 and MCR 7.203. When interpreting a court rule, this Court relies on the following principles:

> The rules of statutory interpretation apply to the interpretation of court rules. The goal of court rule interpretation is to give effect to the intent of the drafter, the Michigan Supreme Court. The Court must give language that is clear and unambiguous its plain meaning and enforce it as written. Each word, unless defined, is to be given its plain and ordinary meaning, and the Court may consult a dictionary to determine that meaning. [*Varran v Granneman (On Remand)*, 312 Mich App 591, 599; 880 NW2d 242 (2015) (citations omitted).]

---

[4] The Coalition is an informal group of appellate attorneys whose practices primarily involve domestic relations appeals.

MCR 7.203(A) contains two subparts, and the latter is quickly addressed. MCR 7.203(A)(2) indicates that this Court has jurisdiction of an appeal from an order of a court or tribunal from which an appeal by right to this Court has been established by law or court rule. No law or court rule establishes an appeal by right to this Court from an order setting forth makeup parenting time, so MCR 7.203(A)(2) does not apply.

Accordingly, we turn to MCR 7.203(A)(1), which provides an appeal by right from an order that meets the definition of a "final order" under MCR 7.202(6). Subpart (a) of that court rule includes the following definitions of a final order in a civil case:

> (i) the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order
>
> * * *
>
> (iii) in a domestic relations action, a postjudgment order affecting the custody of a minor . . . . [MCR 7.202(6)(a)(i) and (iii).]

MCR 7.202(6)(a)(i) does not apply here. The current order being appealed does not dispose of all the claims and rights of the parties. The order was one of a series of provisional, postjudgment parenting time orders issued before the parties undergo a custody evaluation in preparation for a custody trial, so it is not a final order under MCR 7.202(6)(a)(i).[5]

The dispositive issue, therefore, is whether the instant parenting time order is an order "affecting the custody of a minor" within the meaning of MCR 7.202(6)(a)(iii). In examining this issue, we consider the nature and scope of the order being appealed, and decide what the order is, at its essence, and what it is not. The order does not change the parties' custody over the minor child, because the court's order regarding custody still stands; plaintiff retains sole custody. The order grants makeup parenting time to defendant as a result of plaintiff's withholding of parenting time for months. That the order does not have a specific end date does not mean that it is not clearly an interim order. Also, because the order resulted from plaintiff's withholding of makeup parenting time to defendant, the circuit court did not examine the best-interest factors under MCR 722.23 in the context of a custody decision.[6] Indeed, the circuit court properly considered the makeup parenting time separate and apart from custody.

Michigan appellate courts have wrestled with the application of MCR 7.202(6)(a)(iii). Our Courts generally have held that an order need not expressly indicate that it is a custody determination to affect custody. See *Thurston v Escamilla*, 469 Mich 1009; 677 NW2d 28 (2004). This Court has ruled that the court rule does not require that the order be permanent to

---

[5] The first final order in this case was the December 2011 order awarding the parties joint legal custody of the child, and awarding physical custody to plaintiff.

[6] Nor did it examine the factors designed for parenting time determinations in MCL 722.27a(6).

fall within MCR 7.202(6)(a)(iii). *Surman v Surman*, 277 Mich App 287, 294; 745 NW2d 802 (2007).

Determining whether an order falls within MCR 7.202(6)(a)(iii) is not a straightforward endeavor. This Court's jurisdiction by right over orders affecting child custody has been recognized in cases involving the denial of a motion to change domicile, *Thurston*, 469 Mich 1009; the denial of a motion to change the children's school, *Pierron v Pierron*, 282 Mich App 222; 765 NW2d 345 (2009); and the grant of a motion for grandparenting time, *Varran*, 312 Mich App 591. Conversely, this Court has dismissed claims of appeal for lack of jurisdiction on the basis that the orders appealed do not affect the custody of a minor in cases involving the declaration that the children shall continue to attend the same elementary school until further order of the circuit court, *Zalewski v Garrison,* unpublished order of the Court of Appeals, entered November 6, 2014 (Docket No. 323543); a ruling to hold in abeyance for six months a decision regarding custody and parenting time based on the parents' progress, *Hutchison v Leadbetter*, unpublished order of the Court of Appeals, entered May 3, 2016 (Docket No. 332503), lv pending; and the denial of a parent's request to change a child's school enrollment from one school to another, *Marik v Marik*, unpublished order of the Court of Appeals, entered July 12, 2016 (Docket No. 333687). These cases illustrate that the question of jurisdiction under MCR 7.202(6)(a)(iii) is not without complication. The difficulty is exacerbated by ambiguity in the language of the court rule. We therefore urge the Supreme Court either to amend the court rule to resolve the confusion, or to clarify its intent in an opinion.

In attempting to discern our Supreme Court's intent in the court rule, this Court previously has examined the plain language of MCR 7.202(6)(a)(iii). The court rule does not define "affecting," so this Court in *Wardell*, 297 Mich App at 132, relied on the dictionary definition of the term "affect" as "[m]ost generally, to produce an effect on; to influence in some way." *Black's Law Dictionary* (9th ed). The *Wardell* Court noted that an order affecting custody includes one where the trial court's ruling has an effect on where the child will live. *Id*. The Court's focus there was on the physical location of the child, and the Court determined that orders denying a motion to change custody are included within the definition of MCR 7.202(6)(a)(iii), reasoning as follows:

> In a custody dispute, one could argue, as plaintiff does, that if the trial court's order does not change custody, it does not produce an effect on custody and therefore is not appealable of right. However, one could also argue that when making determinations regarding the custody of a minor, a trial court's ruling necessarily has an effect on and influences where the child will live and, therefore, is one affecting the custody of a minor. Furthermore, the context in which the term is used supports the latter interpretation. MCR 7.202(6)(a)(iii) carves out as a final order among postjudgment orders in domestic relations actions those that affect the custody of a minor, not those that "change" the custody of a minor. As this Court's long history of treating orders denying motions to change custody as orders appealable by right demonstrates, a decision regarding the custody of a minor is of the utmost importance regardless of whether the decision changes the custody situation or keeps it as is. We interpret MCR 7.202(6)(a)(iii) as including orders wherein a motion to change custody has been denied. [*Id.* at 132-133.]

The order in this case did not resolve which parent would have custody of the child, nor did it resolve where the child will live. Rather, it set forth makeup parenting time because plaintiff had unilaterally withheld the same from defendant.

This Court cited *Wardell* in *Rains v Rains*, 301 Mich App 313, 321-322; 836 NW2d 709 (2013), in which the plaintiff appealed the denial of her motion to change domicile from Detroit to Traverse City and the resulting modification of her parenting time. In response to the motion, the defendant had moved for a change in custody. *Id.* at 314-315. The *Rains* Court decided that the relevant inquiry was whether a trial court's order "influences where the child will live, regardless of whether the trial court's ultimate decision keeps the custody situation 'as is.' " *Id.* at 321, citing *Wardell,* 297 Mich App at 132-133. This Court determined that the trial court's denial of the plaintiff's motion to relocate necessarily influenced where the child would live and that decision implicitly denied the defendant's motion to change custody. *Id.* at 323. This Court added that "[i]f a change in domicile will substantially reduce the time a parent spends with a child, it would potentially cause a change in the established custodial environment." *Id.* at 324.

In this case, plaintiff retained physical custody of the child, although the court did order extensive makeup parenting time to defendant. That the order in the interim substantially reduced the amount of time plaintiff could spend with the child is not dispositive, where it did so in the context of allowing makeup parenting time to defendant, and did so separately from the issue of custody, an evaluation of which was to occur within weeks. There is no indication that the order would potentially cause a change in the child's established custodial environment. Further, this case does not appear to relegate plaintiff "to the role of a 'weekend' parent," *Powery v Wells*, 278 Mich App 526, 528; 752 NW2d 47 (2008), where the circuit court here issued the order with the intent to allow makeup parenting time to defendant after plaintiff unilaterally withheld it. Plaintiff makes the argument that the practical effect of the order flipped the parties' custody arrangement without the benefit of a hearing. However, in contrast to *Rains*, here the trial court's decision did not implicitly deny a motion to change custody.

We acknowledge that Michigan recognizes both physical and legal custody. See *Foxall v Foxall*, 319 Mich 459, 460-461; 29 NW2d 912 (1947). Additionally, the Uniform Child–Custody Jurisdiction and Enforcement Act, MCL 722.1102(c) and (d), references both legal and physical custody, along with parenting time, in its definition of a child custody case: 'Child-custody proceeding' means a proceeding in which legal custody, physical custody, *or parenting time* with respect to a child is an issue." (Emphasis added.) This Court relied on that definition in *Shade v Wright*, 291 Mich App 17, 22; 805 NW2d 1 (2010), when reviewing a parenting-time determination as part of a custody decision.[7] Later, in *In re AJR,* 496 Mich 346, 354-363; 852 NW2d 760 (2014), our Supreme Court discussed the divisibility of the concept of custody,

---

[7] Notably, *Shade* involved the denial of the defendant's motion to change physical custody along with the modification of the parenting time schedule, so *Shade* was not limited to a dispute over parenting time. Further, the trial court in *Shade* had held a de novo hearing. Therefore, *Shade* is distinguishable from this case, where the trial court had not had the opportunity to hold a hearing or rule on custody before issuing the makeup parenting time order.

observing that physical custody concerns a child living with a parent, while legal custody concerns decisions that significantly affect the child's life. *In re AJR* reinforces that physical and legal custody are distinct concepts. Further, the language used in the Uniform Child–Custody Jurisdiction and Enforcement Act ("legal custody, physical custody or parenting time") supports that parenting time also is a distinct concept to be considered in the context of legal and physical custody. It follows that, had our Supreme Court intended the court rule to embrace both distinct concepts, it would have so stated.

More recently, this Court addressed legal and physical custody in *Varran,* 312 Mich App 591, in a matter involving grandparenting time. In the absence of a definition of "custody" in MCR 7.202(6)(a)(iii), this Court referred to the following dictionary definition of custody:

> [Custody is the] care, control, and maintenance of a child awarded by a court to a responsible adult. Custody involves legal custody (decision-making authority) and physical custody (caregiving authority), and an award of custody [usually] grants both rights. [*Varran,* 312 Mich App at 604, quoting *Black's Law Dictionary* (10th ed) (formatting altered).]

The *Varran* Court also referenced *Grange Ins Co of Mich v Lawrence,* 494 Mich 475, 511; 835 NW2d 363 (2013), which noted that the Child Custody Act distinguishes between physical custody (where the child resides) and legal custody (decision-making authority regarding important decisions relating to the child's welfare). The *Varran* majority pointed out that MCR 7.202(6)(a)(iii) did not limit the term "custody" to physical custody, and therefore reasoned that an order appealable by right included "an order that produces an effect on or influences in some way the legal custody *or* physical custody of a minor." *Varran,* 312 Mich App at 604 (emphasis in original). Under that construction, the Court concluded that an order regarding grandparenting time interferes with a parent's fundamental right to make decisions concerning the care, custody, and control of the child and thus is a postjudgment order affecting the legal custody of a minor. *Id.* at 606. *Varran,* however, is distinguishable. Because *Varran* involved a grandparenting time issue, which is "markedly different" from a custody dispute between two parents, see *Falconer v Stamps*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 323392), it simply is not on all fours with the case at bar, a case involving makeup parenting time between two parents.

The utilization of legal custody as a basis for this Court's jurisdiction for a claim of appeal by right broadens the definition of custody. An expansive definition could include all manner of decisions regarding the child, allowing appeals by right to be taken from decisions, for example, whether to allow a child to attend one specific summer camp over another; whether to allow a child to participate in travel soccer; whether one parent or the other would pick up the child from school; or from decisions regarding "how to treat the child if he is not feeling well; whether to expose the child to religion and religious practices; and to what persons, television programs, and movies to expose the child," *Varran,* 312 Mich at 607. An extension of this Court's jurisdiction to incorporate legal custody would so expand the rule as to nullify the qualifying language "affecting the custody of a minor." To extend the court rule to encompass

all postjudgment decisions regarding minors in domestic relations appeals would be to return to the jurisdictional standard before the amendment of the court rule.[8]

Had our Supreme Court intended that parenting time orders be appealable by right, it would have included parenting time in the court rule. Absent that language, we decline to read "parenting time" into the plain language of the rule. See *PIC Maintenance, Inc v Dep't of Treasury,* 293 Mich App 403, 410-411; 809 NW2d 669 (2011) (maintaining that courts should not add words into a statute).

The order appealed in this case sets forth a framework for a *future* custody decision, pending the psychologist's report and a custody trial. Once the custody order enters, a claim of right may be taken. In the meantime, the circuit court has issued an interim order regarding makeup parenting time. Presumably, the case has moved forward in the circuit court in accordance with its order for a custody evaluation and a custody hearing. Further, the issue may at this time be moot,[9] as months have passed and the court may have issued further orders regarding parenting time. All of these factors weigh in favor of our ruling that jurisdiction via a claim of appeal by right is improper here.

In declining jurisdiction pursuant to MCR 7.202(6)(a)(iii), we have not barred access to the appellate courts, where an application for leave to appeal is available to challenge a trial court's decision regarding parenting time. An application for leave to appeal in this Court receives review and analysis by District Commissioners, who are experienced court staff attorneys, before submission to a judicial panel, which generally considers the merits in the context of deciding whether to grant or deny leave, or order other peremptory relief, in an order. Consequently, parties filing applications receive access to appellate review in this Court. To the extent the issue is not now moot, plaintiff here is free to file a delayed application of the circuit court's parenting time decision and obtain appellate review of that application in accordance with the above-described procedures.

IV. CONCLUSION

We dismiss this claim of appeal for lack of jurisdiction. We have chosen not to exercise our discretion to treat the claim of appeal as an application for leave to appeal and grant the application, *Pierce v City of Lansing,* 265 Mich App 174, 183; 694 NW2d 65 (2005), but instead dismiss this claim, an option included in our Supreme Court's order. We have determined that this Court lacks jurisdiction over this parenting time order and the appeal is properly dismissed.

---

[8] Before 1994, most postjudgment domestic relations orders were appealable by right. The Staff Comment to the February 1994 amendment to MCR 7.203 indicates that the court rule change "eliminates appeals of right as to certain types of judgments or orders. . . . In domestic relations cases, the only postjudgment orders that will be appealable by right are those involving the custody of minors."

[9] An issue is moot and generally will not be reviewed if this Court can no longer fashion a remedy for the alleged error. *Silich v Rongers*, 302 Mich App 137, 151; 840 NW2d 1 (2013).

Dismissed.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Colleen A. O'Brien