# STATE OF MICHIGAN

# COURT OF APPEALS

NICHOLAS DAVID BURNETT,

Plaintiff-Appellee,

v

TRACY LYNN AHOLA and DEREK AHOLA,

Defendants-Appellants.

UNPUBLISHED
December 7, 2017

No. 338618
Genesee Circuit Court
LC No. 14-312262-DP

Before: METER, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

In this child custody dispute, defendants appeal as of right a May 15, 2017, trial court order wherein the trial court dismissed defendants' motion for relief from a November 3, 2015, order of filiation, establishing plaintiff as the legal and biological father of JDA ("ROPA judgment"). In the same May 15, 2017 order, the trial court granted summary disposition in favor of plaintiff. For the reasons set forth in this opinion, we affirm.

## I. FACTS

This case arose out of the paternity and custody dispute between defendants, a married couple, and plaintiff regarding the minor child JDA (d/o/b June 18, 2014). JDA was conceived while defendants were married and while defendant Tracy Ahola was engaged in an extramarital affair with plaintiff. Genetic testing established that JDA was not the biological child of defendant Derek Ahola.

Plaintiff filed his claim pursuant to the Revocation of Paternity Act (ROPA), MCL 722.1431 *et seq.*, which allows an "alleged father" to challenge the paternity of a "presumed father" when the "alleged father" "did not know or have reason to know that the mother was married at the time of conception[.]" MCL 722.1441(3)(a). On November 3, 2015, the trial court entered an order of filiation "establishing [plaintiff] as the biological and legal father of defendant Travy Lynn Ahola's son, JDA" (hereinafter "ROPA judgement"). *Burnett v Ahola*, unpublished per curiam opinion of the Court of Appeals, issued May 26, 2016 (Docket No. 330311).

Defendants appealed the ROPA judgment to this Court. While that appeal was pending, however, the case before the trial court continued. The trial court entered a series of orders regarding parenting time and the court appointed a lawyer guardian ad litem (L-GAL).

-1-

Specifically, the court entered parenting time orders on April 15, 2016 and May 16, 2016; the orders gradually increased plaintiff's parenting time with JDA and plaintiff eventually had unsupervised parenting time with JDA. In the meantime, on May 26, 2016, this Court affirmed the trial court's ROPA judgment. *Burnett*, unpub op at 5. In that appeal, one of the central issues was whether plaintiff had a reasonable belief that Tracy was unmarried or divorced at the time JDA was conceived. *Id*. at 1-2. This Court held that "the trial court properly considered the evidence and concluded that [plaintiff] did not know, or have reason to know, that Tracy was married at the time of JDA's conception, and it made its credibility determinations after careful consideration of all of the evidence presented." *Id*. at 2.

Subsequently, the trial court entered another parenting time order on July 6, 2016, increasing plaintiff's parenting time with JDA. Then, on September 30, 2016, the parties entered into a stipulated custody and parenting time agreement. That stipulated order provided that plaintiff and Tracy would share legal and physical custody of JDA.

Less than one month later, on October 24, 2016, defendants moved the trial court for relief from the trial court's ROPA judgment. Defendants argued that during the ROPA bench trial, plaintiff committed fraud or misconduct against an adverse party pursuant to MCR 2.612(C)(1)(c), and fraud on the court itself pursuant to MCR 2.612(3). Defendants relied on recorded conversations between Tracy and plaintiff, which allegedly contained statements from plaintiff that he lied and got witnesses to lie on his behalf at trial. Defendants provided transcribed excerpts from the conversations, which defendants alleged occurred on June 1, 2016, June 8, 2016, and June 27, 2016. In light of the recordings, defendants requested that the trial court vacate its ROPA judgment and order, dismiss the case with prejudice, and enter an order for plaintiff to show cause why he should not be held in contempt of court and have his case referred to the Michigan State Police.

Plaintiff responded, arguing that the recorded statements were misleading and out of context, and that he had only said those things in an attempt to hurt Tracy. He stated that he was not telling the truth, and the claims he made in the recordings were mere "bluster[.]" Plaintiff also noted that those conversations took place well before the case was referred to mediation and ultimately settled in the stipulated order for custody and parenting time.

Defendants then moved to suspend parenting time and any further custody decisions pending the trial court's ruling on the motion for relief from judgment. Plaintiff then moved for summary disposition of defendants' motion for relief from judgment. Plaintiff argued that defendants knew about the recordings and plaintiff's alleged fraud when they agreed to settle the case and stipulate to shared legal and physical custody and parenting time with plaintiff. In so doing, defendants agreed to have joint legal and physical custody while they were in possession of alleged proof that plaintiff lied in order to gain paternity rights. Plaintiff argued that defendants' actions amounted to a waiver of that claim. Alternatively, plaintiff argued that defendants should be judicially estopped from making the arguments because they allowed the custody proceedings to go so far without coming forward with their evidence.

After denying the motion to suspend parenting time, the trial court heard oral arguments on defendants' motion for summary disposition on December 19, 2016. After hearing the same arguments that the parties had made in their briefs, the trial court took the issue under

advisement. By February 23, 2017, the trial court still had not issued an opinion or order on the matter. That day, however, the trial court held another hearing on the issue. Defendants stated that there was a fact issue to investigate regarding whether plaintiff actually lied and obtained false testimony from others. Plaintiff argued that the content of the recordings was irrelevant, considering defendants knew of the alleged fraud when they signed the stipulated custody order, thereby waiving any fraud allegations.

The trial court then announced its decision on the record. The trial court held that there was no question of fact that defendants knew of plaintiff's alleged fraud in June 2016. Additionally, there was no question of fact that the consent custody order was reached after defendants had that knowledge, in September 2016. Therefore, the trial court held that there was no issue of fact that defendants waived their claims of fraud and the court denied their motion for relief from judgment.

Subsequently, defendants filed several more motions. Defendants moved to make the audio recordings part of the record and moved to suspend parenting time pending this appeal. In addition, Derek moved for reconsideration, arguing that he did not sign the stipulated custody order and therefore he could not have waived the fraud issue. The trial court denied defendants' motions.

Despite having announced its decision to grant plaintiff's motion for summary disposition and dismissing defendants' motion for relief from judgment on the record during the February 23, 2017 hearing, the trial court did not enter a written order memorializing the decision until May 15, 2017. Three days later, on May 18, 2017, the trial court entered an order denying defendants' motion for reconsideration. This appeal ensued.[1]

## B. ANALYSIS

## I. JURISDICTION

Plaintiff argues that this Court does not have jurisdiction to address defendants' appeal by right because the trial court's order denying the motion for relief from the ROPA judgment was not a "final order" as defined in MCR 7.202(6)(a)(*iii*).

"Whether this Court has jurisdiction to hear an appeal is an issue that we review de novo." *Wardell v Hincka*, 297 Mich App 127, 131; 822 NW2d 278 (2012).

The issue presented is whether this Court has jurisdiction to hear this appeal as of right. This Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court[.]" MCR 7.203(A)(1). For purposes of the court rule, in a domestic relations action, a "final judgment" or "final order" includes "a postjudgment order

---

[1] This Court denied defendants' motion to stay the trial court proceedings pending the outcome of this appeal. *Burnett v Ahola*, unpublished order of the Court of Appeals, entered July 11, 2017 (Docket No. 338618).

affecting the custody of a minor." MCR 7.202(6)(a)(*iii*). Under MCR 7.202(6)(a)(*iii*), "an order need not expressly indicate that it is a custody determination[.]" *Madson v Jaso*, 317 Mich App 52, 60; 893 NW2d 132 (2016). Rather, "an order affecting custody includes one in which the trial court's ruling has an effect on where the child will live." *Id*. at 61-62. Moreover, MCR 7.202(6)(a)(*iii*), is limited to post-judgment orders affecting the physical custody of a minor. *Id*. at 65-66.

The ultimate effect of the order in question was to dismiss defendants' motion for relief from judgment of the trial court's opinion and order declaring plaintiff to be the legal and biological father of JDA. In other words, had the trial court granted defendants' motion for relief from judgment, plaintiff would have lost all parental rights to JDA, because the trial court would have vacated its order establishing plaintiff's rights. In so doing, the order would have resulted in plaintiff losing his shared legal and physical custody of JDA. At the time the trial court entered the order dismissing defendants' motion, JDA was spending six days per every two weeks with plaintiff. Had the trial court granted that motion, JDA would have been spending no time with plaintiff. Therefore, because JDA's place of living would have significantly changed if the motion had been granted, the trial court's order was one that affected the custody of a minor pursuant to MCR 7.202(6)(a)(*iii*), and as such, was appealable as of right. *Madson*, 317 Mich App at 60-61. This Court therefore has jurisdiction to hear this appeal as of right. MCR 7.203(A)(1); MCR 7.202(6)(a)(*iii*).

## II. RELIEF FROM JUDGEMENT

Defendants argue that the trial court erred in granting summary disposition and in dismissing their motion for relief from judgment.

Initially, we note that the trial court erroneously granted summary disposition in this case. "[A] motion for summary disposition under MCR 2.116(C)(10) tests the factual support *for a claim*[.]" *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010) (emphasis added). Here, the motion for relief from judgment was not a claim, but rather a motion requesting relief from a judgment. Instead of simply responding to the merits of the motion, plaintiff filed a motion for summary disposition. Consequently, it was technically improper for the trial court to consider plaintiff's motion for summary disposition of defendants' motion. However, this is not grounds for reversal where, as discussed below, the trial court did not err in denying defendants' motion for relief from judgment. See *Gleason v Mich Dep't of Treasury*, 256 Mich App 1, 3; 662 NW2d 822 (2003) ("[a] trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.").

Defendants also argue that the trial court abused its discretion in dismissing their motion for relief from judgment by finding that they had waived their argument. We disagree.

"[T]his Court reviews for an abuse of discretion a trial court's ruling on a motion for relief from judgment." *Dep't of Environmental Quality v Waterous Co*, 279 Mich App 346, 364; 760 NW2d 856 (2008). "An abuse of discretion occurs when the result falls outside the range of principled outcomes." *Cassidy v Cassidy*, 318 Mich App 463, 479; 899 NW2d 65 (2017). "This Court reviews for clear error a trial court's factual determinations regarding a waiver claim[.]" *Electrolines, Inc v Prudential Assurance Co, Ltd*, 260 Mich App 144, 163; 677 NW2d 874

(2003). "[T]he trial court's ultimate decision concerning whether those facts show a waiver is a question of law reviewed de novo." *Allard v Allard (On Remand)*, 318 Mich App 583, 593; 899 NW2d 420 (2017) (internal quotations omitted).

Pursuant to MCR 2.612(C)(1)(c), "[o]n motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding [for] . . . [f]raud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Perjury is a form of "intrinsic fraud" pursuant to MCR 2.612(C). *Daoud v De Leau*, 455 Mich 181, 203; 565 NW2d 639 (1997).

In this case, the trial court denied defendants' motion for relief from judgment after finding that defendants waived their argument. "Waiver is the voluntary and intentional relinquishment of a known right." *Varran v Granneman (On Remand)*, 312 Mich App 591, 623; 880 NW2d 242 (2015). "An 'implied waiver' is defined as [a] waiver evidenced by a party's decisive, unequivocal conduct reasonably inferring the intent to waive." *Reed Estate v Reed*, 293 Mich App 168, 177; 810 NW2d 284 (2011).

Initially, we reject defendants' arguments that the trial court erred in not accepting copies of the transcripts of the recordings as evidence and in refusing to hold an evidentiary hearing on the issues of plaintiff's alleged fraud and defendants' waiver. Contrary to this argument, a highlighted copy of the transcripts of the recordings was included in the lower court file. Furthermore, irrespective of whether additional transcripts were filed, the trial court was aware of the nature of the alleged fraud, and defendants' argument that the trial court was required to hold an evidentiary hearing is without merit. Although defendants are correct that "[w]aiver is a matter of fact to be shown by evidence[,]" the trial court did not err in determining the issue without holding an evidentiary hearing when the material facts were not disputed. *Reed Estate*, 293 Mich App at 177 (quotation marks omitted).

Here, the relevant facts in the instant case, as discussed, were that defendants knew of the alleged fraud in June 2016, agreed to expand plaintiff's parenting time in July 2016, consented to plaintiff having shared legal and physical custody and equal parenting time in September 2016, and only then moving for relief from judgment based on plaintiff's alleged fraud in late October 2016. None of those facts were in any way disputed. Instead, the dispute between the parties was on the legal effect of those facts. Consequently, the trial court did not abuse its discretion when it determined that there were no contested facts that required an evidentiary hearing. *Id*.

Similarly, the trial court did not err in concluding that defendants waived the fraud issue.

At the ROPA hearing, the trial court heard testimony from various parties, including from plaintiff, where plaintiff testified that he believed Tracy to be divorced at the time of conception. Defendants appealed that decision to this Court and this Court affirmed on May 26, 2016. Throughout the month of June 2016, Tracy recorded plaintiff making statements that, if true, would establish that plaintiff committed perjury during the bench trial and obtained perjured testimony from others as well. It is undisputed that defendants knew of those recordings in June 2016. At that time, defendants could have immediately raised the fraud issue or moved for relief from judgment pursuant to MCR 2.612(C)(1)(c), or they could have moved this Court to

-5-

reconsider its decision in light of the alleged newly discovered evidence pursuant to MCR 7.215(I).

Instead of pursuing relief or raising the fraud issue, defendants twice stipulated to, or did not raise a fraud objection to orders allowing plaintiff to take a more active and expanded role in JDA's life. Indeed, on July 6, 2016, the court entered a stipulated parenting time order allowing plaintiff to have three, nine-hour visits for the first week of July, and two, nine-hour visits during the second week of July and the entire second weekend of July, from Friday at 11:00 a.m. to Sunday at 8:00 p.m. While still in possession of the recordings, defendants proceeded to submit to mediation regarding custody and parenting time issues. Then, on September 30, 2016, the trial court entered a stipulated custody and parenting time order, which provided plaintiff with shared legal and physical custody of JDA. The order also provided that plaintiff would have overnight parenting time sessions with JDA for five nights every two weeks from the time of the order to January 1, 2017. From that date to July 1, 2017, plaintiff would get six overnight visits every two weeks. After July 1, 2017, plaintiff's time with JDA would be equal to defendants' time. When these orders were entered, defendants did not object or preserve the issue of fraud.

Nearly one month after the entry of that order, and more than four months after discovering plaintiff's alleged perjury, on October 24, 2016, defendants moved for relief from the ROPA judgment pursuant to MCR 2.612(C)(1)(c). Defendants motion was timely pursuant to MCR 2.612(C)(2) because it was filed within one year of the judgment from which they sought relief. However, plaintiff argued, and the trial court agreed, that defendants had waived the issue by their actions after discovering the alleged perjury and before moving for relief from judgment.

The trial court did not err in concluding that the consent judgment amounted to a waiver of the perjury issue. Here, Tracy's signing of the agreement and Derek's failure to object to the agreement to share legal and physical custody with equal parenting time was conduct that inferred defendants' intent to waive their challenge to the ROPA order based on plaintiff's alleged perjury. The outcome of the ROPA trial was to establish plaintiff as the biological and legal father of JDA. Subsequently, plaintiff's parental rights established by the ROPA order led to plaintiff seeking custody and parenting time. Defendants were aware that, without that ROPA order, plaintiff did not have any right to custody or parenting time with JDA. Indeed, defendants appealed the ROPA order to this Court by arguing, amongst other things, that the trial court erred in determining that plaintiff did not know or have reason to know that Tracy was married at the time of conception. Stated differently, defendants were well aware that, if there was proof that plaintiff did actually know that Tracy was married at the time of conception, then plaintiff's ROPA claim would have failed.

Throughout the month of June, defendants accumulated evidence that they believed would ultimately lead to the reversal of the ROPA order and remove any parental rights held by plaintiff. Despite being in control of that information, defendants consented to increased parenting time for plaintiff in July 2016, and then agreed, or did not object to shared legal and physical custody with equal parenting time in September 2016. Defendants "acts and declarations manifest[ed] an intent and purpose not to claim the[ir] supposed advantage[.]" *Reed Estate*, 293 Mich App at 177 (quotation marks and citations omitted). Indeed, in settling the issue of custody and expanding plaintiff's role in JDA's life, defendants' actions showed that

-6-

they were prepared to move on from the issue of paternity and begin working toward a coparenting relationship. The consent custody order and consent parenting time order did not contain any indication that defendants wanted to preserve a claim of fraud for the future, nor did it make any mention that they still intended to assert that plaintiff was not JDA's legal father. And, although Derek never signed the order, he did not raise an objection or make any effort to preserve the issue at the time the order was entered. Instead, defendants conduct was "decisive, unequivocal conduct reasonably inferring the intent to waive" the issue of perjury. *Reed Estate*, 293 Mich App at 177.

### III. MOTION FOR RECONSIDERATION

Defendants argue that the trial court abused its discretion in denying their motions for reconsideration because Derek did not sign the consent custody order and therefore could not have waived his right to argue plaintiff's fraud.

"This Court reviews a trial court's decision to deny a motion for reconsideration for an abuse of discretion." *American Transmission, Inc v Channel 7 of Detroit, Inc*, 239 Mich App 695, 709; 609 NW2d 607 (2000). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *In re Foster Attorney Fees*, 317 Mich App 372, 375; 894 NW2d 718 (2016) (internal quotations omitted).

In order to be entitled to reconsideration, "[t]he moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." MCR 2.119(F)(3). A trial court has discretion regarding whether to grant a motion for reconsideration, and this Court will not typically find an abuse of discretion when the argument relied on by the moving party could have been presented and argued during the original decision. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000).

In this case, as discussed above, the trial court did not abuse its discretion in denying the motion for relief from judgment and defendants have not shown a "palpable error by which the court and the parties have been misled" or that a different result of the motion must result from the correction of that error. While Derek did not sign the consent custody order, at the time the order was entered, defendants were in possession of information regarding the alleged fraud and Derek did not raise that issue or raise any objection to preserve the fraud issue. Accordingly, the trial court did not err in finding that both defendants waived the issue of fraud and the trial court did not abuse its discretion in denying the motion for reconsideration. *Id*.

In sum, the trial court did not abuse its discretion in denying defendants' motion for relief from judgment and their motion for reconsideration.[2]

---

[2] Given our resolution of this issue, we need not address defendants' arguments with respect to judicial estoppel. Furthermore, even if we were to assume that defendants' argument regarding the clerk allegedly removing fraud transcripts from the record in violation of MCR 2.119(H),

Affirmed.  No costs awarded.  MCR 7.219(A).

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Michael J. Riordan

---

given our conclusion that the trial court properly denied the motion for relief from judgment and the motion for reconsideration, any error with respect to the transcripts does not warrant reversal or other relief.