# STATE OF MICHIGAN

# COURT OF APPEALS

DOUGLAS SCOTT DUBIN,

       Plaintiff-Appellee,

v

CONTESSA LYNN FINCHER,

       Defendant-Appellant.

UNPUBLISHED
January 30, 2018

No. 339175
Washtenaw Circuit Court
LC No. 12-000833-DM

Before: MURPHY, P.J., and SAWYER and BECKERING, JJ.

PER CURIAM.

In this domestic relations action, defendant, Contessa Lynn Fincher, claims an appeal by right from the trial court's order denying her motion for expanded parenting time and a reunification plan. For the reasons explained below, we conclude that defendant's appeal is not properly before this Court as an appeal of right because there is no sense in which the trial court's order "affect[s] the custody of a minor." Therefore, the order is not a final order for purposes of MCR 7.202(6)(a)(*iii*) and MCR 7.203(A)(1). Accordingly, we dismiss defendant's appeal.

This appeal has taken a convoluted path to our docket. On July 11, 2017, defendant filed both an application for leave to appeal (Docket No. 339172) and this claim of appeal of right (Docket No. 339175) from the same order. Accompanying the filings were apparently identical briefs that raised the same issues. The Court denied defendant's application for leave to appeal "for lack of merit in the grounds presented." *Douglas Scott Dubin v Contessa Lynn Fincher*, unpublished order of the Court of Appeals, entered October 25, 2017 (Docket No. 339172). Plaintiff, Douglas Scott Dubin, argued in a brief filed in Docket No. 339175 that defendant did not have an appeal of right, and this Court did not have jurisdiction, because the order defendant appealed from was not a final order in a domestic relations case as defined in MCR 702(6)(a)(*iii*). On December 19, 2017, we ordered defendant to file a supplemental brief addressing this jurisdictional issue. *Dubin v Fincher*, unpublished order of the Court of Appeals entered December 19, 2017 (Docket No. 339175). We also allowed plaintiff to file a supplemental brief. *Id*. After reading both parties' supplemental briefs, and defendant's reply to plaintiff's supplemental brief, we conclude that the order appealed from does not affect custody, is not a final order appealable by right, and, therefore, this Court does not have jurisdiction pursuant to MCR 7.203(A)(1).

The interpretation of a court rule and whether this Court has jurisdiction over an appeal are questions of law subject to review de novo. *Id*. at 58. The question of jurisdiction in this case rests on interpretation of MCR 7.202(6)(a)(*iii*) and MCR 7.203. Interpretation of a court rule follows the same general rules of statutory interpretation; therefore:

> The goal of court rule interpretation is to give effect to the intent of the drafter, the Michigan Supreme Court. The Court must give language that is clear and unambiguous its plain meaning and enforce it as written. Each word, unless defined, is to be given its plain and ordinary meaning, and the Court may consult a dictionary to determine that meaning. [*Varran v Granneman (On Remand)*, 312 Mich App 591, 599; 880 NW2d 242 (2015) (citations omitted).]

The relevant portion of MCR 7.203(A)(1) provides for this Court's exercise of jurisdiction over an appeal of right filed from "[a] final judgment or final order of the trial court or court of claims, as defined in MCR 7.202(6)."[1] A "final judgment" or "final order" in a domestic relations matter is "a postjudgment order affecting the custody of a minor." MCR 7.202(6)(a)(*iii*). Michigan recognizes physical custody and legal custody. *Madson v Jaso*, 317 Mich App 52, 64; 893 NW2d 132 (2016). "Physical custody pertains to where the child shall physically 'reside,' whereas legal custody is understood to mean decision-making authority as to important decisions affecting the child's welfare." *Varran*, 312 Mich App at 604 (quotation marks and citation omitted). With regard to parenting time, "[w]hen a motion addresses the amount of time a parent spends with a child such that it would potentially cause a change in the established custodial environment (ECE),[2] an order regarding that motion is a final order under MCR 7.202(6)(a)(*iii*)." *Id.* at 603-604.

Although the trial court did not address the issue, the record supports a determination that the child's established custodial environment is with plaintiff, who has sole legal and physical custody. Defendant has one hour of supervised parenting time every 14 days. The order appealed from denied defendant's request for expanded parenting time and a "reunification plan"; it did not change the status quo nor is there any evidence indicating that the modification defendant requested in her motion had the potential to change the ECE. Because the order in no way affects the physical or legal custody of the minor, or changes the ECE, it is not a "final order" pursuant to MCR 7.202(6)(a)(*iii*).

In her supplemental brief, defendant argues that the nature and scope of the trial court's order affects custody because, by denying defendant's request for an evidentiary hearing, the order diminishes defendant's exercise of her constitutional right to the care, custody, and control of her child without affording her procedural due process. Defendant errs by adopting a legal paradigm inapplicable to the facts of this case. Defendant points to a number of decisions from

---

[1] There are two exceptions to this provision, neither of which applies here.

[2] An ECE exists where, over an appreciable time, "the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c).

the United States Supreme Court that address issues significantly distinguishable from the one at hand to assert that the High Court has used "custody" to refer to the constitutional right of a fit parent to the care, custody, and control of her child.[3] By equating "custody" to the entire constellation of constitutionally protected parental rights, defendant is urging this Court to consider her situation parallel to that of a fit parent whose parental rights have been unconstitutionally restricted. However, nothing in the trial court's order changed defendant's constitutional rights as a parent. In fact, the order changed nothing at all; rather, it signified that defendant had not made the threshold showing necessary to revisit the terms of the court's current parenting-time order.

Defendant contends that statutes governing the modification of parenting-time orders, i.e., MCL 722.27a and MCL 722.27, establish an insurmountable obstacle to the exercise of her parental rights, and asserts that "any obstacle to a fair hearing on the issue of custody 'affects' custody—whether that is a court rule, a statute, or a case." MCL 722.27a and MCL 722.27 permit a court to modify a previous judgment affecting parenting time where the movant first shows a change in circumstances or proper cause and, then, that modification is in the best interests of the child. Defendant contends that this legal framework is an obstacle to the exercise of her parental rights because the only way she can show a "change in circumstances" is to show that she is cured of her bipolar disorder, symptoms of which have affected the frequency and duration of the parenting time granted by the trial court. Defendant's assertion regarding what is required to proceed to a hearing on whether modification of the current parenting time order is in the best interests of the child reflects neither a proper understanding of the law nor a fair representation of the requirements set forth by the trial court in this case.[4] The purpose of requiring a change in circumstances or proper cause before modifying a custody or parenting-time order is, among other things, "to minimize unwarranted and disruptive changes" of such orders. *Shade v Wright*, 291 Mich App 17, 28; 805 NW2d 1 (2010), quoting *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003).

To summarize, the trial court's order denying defendant's motion for expanded parenting time and a reunification plan is not an order that affects physical or legal custody; therefore, it

---

[3] Defendant relies on the following for her definition of custody: *Stanley v Illinois*, 405 US 645; 92 S Ct 1208; 31 L Ed 2d 551 (1972) (challenging declaration of an unwed father's children as state dependents after the death of their natural mother and without a hearing on the father's parental fitness or proof of neglect); *Smith v Org of Foster Families*, 431 US 816; 97 S Ct 2094; L Ed 2d 14 (1977) (finding sufficient the procedures for removing foster children from foster families); *Michael H v Gerald D*, 491 US 110; 109 S Ct 2333; 105 L Ed 2d 91 (1989) (addressing the relative rights of a putative father and the presumed father under California law).

[4] The trial court is not required to conduct an evidentiary hearing on change of circumstances or proper cause. See *Vodvarka v Grasmeyer*, 259 Mich App 499, 512; 675 NW2d 847 (2003). In light of the trial court's familiarity with this matter and given the absence of relevant documentary evidence attached to defendant's motion, we cannot say that the trial court abused its discretion by denying her request for an additional hearing to provide evidence that she could have provided with her motion.

does not "affect custody" for purposes of MCR 7.202(6)(a)(*iii*). Accordingly, defendant does not have an appeal of right over which the Court could exercise jurisdiction pursuant to MCR 7.203(A)(1), and the Court has already denied for lack of merit her application for leave to appeal.

Dismissed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Jane M. Beckering