*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW J. CREHAN,

Plaintiff-Appellant,

v

THOMAS MCGUIRE also known as TOM
MCGUIRE, PAMELA WALKER, and OCEANA
LAND TITLE AGENCY INC.,

Defendants-Appellees.

UNPUBLISHED
January 25, 2024

No. 362997
Oceana Circuit Court
LC No. 2021-014823-CH

Before: M. J. KELLY, P.J., and MARKEY and CAMERON, JJ.

PER CURIAM.

Plaintiff, Matthew Crehan, appeals as of right the trial court's order granting defendant Oceana Land Title Agency, Inc (OLTA) $1,500 in attorney fees. He also challenges the trial court's order granting summary disposition to defendant Thomas McGuire under MCR 2.116(C)(7). Finally, he argues that rather than granting summary disposition to defendants OLTA and Pamela Walker under MCR 2.116(C)(8), the trial court should have granted him leave to amend his pleadings. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

This case involves a dispute over the ownership of a parcel of real property identified as "Lots 3 & 4, Block 9, Lake Michigan Shores." McGuire received a warranty deed to the property from the "New Hope Baptist Church" on January 15, 2002. That deed was recorded on January 16, 2002. Thereafter, on March 3, 2002, Crehan received a quit claim deed to the same parcel from "Hosanna Christian Church, Inc (formerly known as Muskegon Missionary Tabernacle, Inc)." That deed was recorded on March 14, 2002.

In May 2015, McGuire filed a complaint for quiet title against Crehan. That action resulted in a default judgment of quiet title being entered against Crehan. Thereafter, in August 2015, McGuire and Walker (McGuire's wife), sold the property to a third party. OLTA issued title insurance for the transaction.

In July 2021, Crehan, acting in pro per, filed a complaint against McGuire, Walker, and OLTA. He alleged that McGuire's deed was procured after McGuire "intentionally solicited a deed from New Hope Baptist Church" for the disputed property. That deed, however, did not convey any right, title, or interest to McGuire because the New Hope Baptist Church was never a grantee in the chain of title for the disputed property. He contended that McGuire, Walker, and OLTA all knew or should have known that New Hope Baptist Church was never a grantee in the chain of title for the disputed property because the documents showing the proper chain of title were "readily available." He also asserted that McGuire knew or should have known that he did not receive any right, title, or interest in the disputed property, and that, even though McGuire knowingly had no interest in the property, he filed a complaint for quiet title against Crehan. He also alleged that the default judgment for quiet title was "procured through fraud" and that a motion to set aside the default judgment was pending.[1]

Additionally, Crehan contended that McGuire had falsely alleged in the quiet title complaint that he could not determine Crehan's address. Crehan stated that his correct address was readily available because he was a plaintiff in another case in the same court that had been resolved shortly before McGuire filed the complaint for quiet title.[2] He asserted that his correct address was, in fact, listed on an affidavit of incorrect address that McGuire used to secure an order for alternate service. He asserted that the alternate service, which was by publication, "did not serve the primary purpose of process service" given that it did not give notice allowing him to answer the complaint or take other appropriate action.

Crehan further alleged that McGuire and Walker sold the disputed property to a third party in August 2015, and that OLTA had insured the transaction. He asserted that, at the time, McGuire and Walker did not have any interest that they could have transferred. Further, as it relates to OLTA, Crehan alleged that it had "failed to ascertain" that McGuire and Walker had "never received" any interest in the disputed property before they granted it to the third party. He asserted that OLTA's reliance on the default judgment for quiet title was inadequate because there was "no chain of title granting New Hope Baptist Church" the title to the disputed property. He contended that by failing to ascertain that McGuire and Walker had no interest in the property before it insured their grant of the property to a third party, OLTA "breached MCL 500.7300 *et seq*, along with other requirements promulgated by the State of Michigan addressed to title insurance providers."

McGuire and Walker moved for summary disposition under MCR 2.116(C)(7) and (C)(8), arguing that Crehan's claim against McGuire was barred by res judicata and that Crehan's claim against Walker failed to state a claim. OLTA filed a separate motion for summary disposition under MCR 2.116(C)(8), alleging that Crehan had failed to state a claim against it. OLTA also filed a motion for attorney fees, arguing that fees were warranted under MCR 1.109(E)(7), MCR 2.625(A)(2), and MCL 600.2591 because Crehan's complaint was frivolous.

---

[1] A copy of the motion to set aside the default has not been provided to this Court. However, based upon comments in the transcripts, the record reflects that the motion was eventually denied.

[2] Crehan did not allege that McGuire was a party to that action.

Crehan contended that the motion for attorney fees should be denied because it was filed prematurely. In response to the motions for summary disposition, he argued that the trial court should deny them because they were "filed based on a deed that is inadmissible as a matter of law." He contended that res judicata did not apply because the 2015 quiet-title action sought equitable relief whereas the instant action sought monetary damages. Crehan added that Walker was not entitled to summary disposition because she signed a warranty deed conveying property that neither she nor her husband owned to a third party, and the signing of the deed indicated that "a conspiracy to defraud" Crehan had taken place. Crehan also contended that—had he not been pressed for time in responding to the motion for summary disposition and had the defendants' lawyer not refused to adjourn the hearing—he would have obtained affidavits from individuals associated with the Hosanna Christian Church, Inc and with the New Hope Baptist Church that would have corrected the problem caused by McGuire. Finally, he *suggested* that he should be given an opportunity to amend his complaint to avoid a grant of summary disposition.

Following a hearing on the motion, the trial court granted summary disposition in favor of McGuire, Walker, and OLTA. The court also stated that attorney fees were warranted as to OLTA, and it set the matter for a hearing on the reasonableness of the requested fees. Subsequently, another hearing was held on the matter. At that hearing, the court stated that it was ordering $1,500 in attorney fees.

## II. JURISDICTIONAL SCOPE OF APPEAL

We first address the jurisdictional scope of this appeal. Crehan's appeal of the order awarding attorney fees is by right. MCR 7.202(6)(a)(*iv*). However, the appeal of that order "is limited to the portion of the order with respect to which there is an appeal of right." MCR 7.203(A)(1). As a result, Crehan's challenge to the February 18, 2022 order granting summary disposition is outside the scope of this appeal. Moreover, there is no appeal of right from the order granting summary disposition because an appeal of right from that order is untimely. See MCR 7.204(A)(1). We have discretion to consider the parts of Crehan's brief challenging the summary-disposition order and the so-called[3] denial of leave to amend the pleadings as an application for leave to appeal which this Court may then grant. See *Madson v Jaso*, 499 Mich 960 (2016). However, we decline to do so in this case. This Court has generally exercised such discretion in the name of judicial economy or when the matter involves an important legal question. See *Hart v State*, 506 Mich 857, 862-864 (2020) (CLEMENT, J., concurring). Neither rationale warrants the exercise of discretion in this case. Consequently, we will consider neither Crehan's challenge to the trial court's grant of summary disposition nor his challenge to the trial court's failure to grant a motion to amend that Crehan did not, in fact, file.

---

[3] We note that Crehan suggested in his response to defendants' motions for summary disposition that he would like to amend his pleadings. Subsequently, he indicated to the trial court that he wanted to amend the pleadings to add additional parties. No motion to amend was ever filed, however. As a result, contrary to Crehan's contention on appeal, the trial court did not deny his motion to amend.

III. ATTORNEY FEES

A. STANDARD OF REVIEW

Challenges to a court's decision to award sanctions for filing a frivolous complaint are reviewed for an abuse of discretion. *Sprenger v Bickle*, 307 Mich App 411, 422-423; 861 NW2d 52 (2014). A trial court abuses its discretion when its decision is outside the range of principled outcomes. *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 659-660; 819 NW2d 28 (2011).

B. ANALYSIS

MCL 600.2591 provides, in relevant part:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

* * *

(*iii*) The party's legal position was devoid of arguable legal merit.

Crehan's complaint was devoid of arguable legal merit. He alleged that OLTA breached its duties under MCL 500.7300 *et seq.* and that it breached "other requirements promulgated by the State of Michigan addressed to title insurance providers." He identified no specific provision, and we have not found any provision that was even arguably violated in this case. He also alleged that OLTA "failed to ascertain" that McGuire never received any interest in the disputed property because the New Hope Baptist Church was never a grantee in the property's chain of title. That assertion lacks factual merit, however. OLTA did not issue title insurance for the property until after it (1) informed McGuire that there was a cloud on the title, and (2) the cloud on the title was resolved by a default judgment of quiet title. Once the trial court in the 2015 quiet-title action issued a valid and final judgment quieting title in McGuire's favor, OLTA was free to rely upon that judgment when issuing title insurance.

On appeal, Crehan suggests additional improper actions taken by OLTA. For instance, he suggests that OLTA "prodded" McGuire and his lawyer to begin a "bogus" quiet tile action against him when it declined to issue insurance for the disputed property while it had a cloud on its title. He argues that OLTA should have instead conducted research at the Oceana County Register of Deeds, which would have shown that New Hope Baptist Church was never a grantee of record for

the disputed property. Then, immediately after learning that, OLTA had a legal obligation not to issue title insurance for the disputed property. OLTA also had an ethical obligation to advise McGuire that he did not have a valid title to the property. He maintains that this process was not followed. Yet, the record reflects that OLTA ascertained that there was a cloud on the title to the disputed property, so it properly refused to issue title insurance. It informed McGuire about the cloud. There is nothing improper with a title insurance company refusing to insure a property with a clouded title and informing the person who requested the title insurance that there is a cloud on the title. There is simply no basis for Crehan's position on appeal. Again, title insurance was only issued for the disputed property *after* the judgement of quiet title was entered.

Given that Crehan's complaint against OLTA was devoid of legal merit, the trial court did not abuse its discretion by awarding attorney fees as a sanction for his frivolous filing.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Thomas C. Cameron